IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,                          No. 3:11-cr-00425-HZ

                      Plaintiff,

       v.

BEN WALTER HOOPES,                                 OPINION & ORDER

                   Defendant.

Billy J. Williams
UNITED STATE ATTORNEY
District of Oregon
Jane Shoemaker
ASSISTANT UNITED STATES ATTORNEY
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204

       Attorney for Plaintiff

Stephen R. Sady
CHIEF DEPUTY FEDERAL DEFENDER
Elizabeth G. Daily
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

       Attorney for Defendant

1 - OPINION & ORDER

HERNANDEZ, District Judge:

On January 10, 2012, Defendant Ben Walter Hoopes pleaded guilty to a single count of bank robbery as charged in the indictment. He was sentenced on April 27, 2012. A Judgment of Conviction was filed on May 1, 2012.

Defendant moves to vacate or correct his sentence under 28 U.S.C. § 2255. Defendant filed the motion pro se. I granted his motion to appoint counsel and he is now represented by the Federal Public Defender's Office. Defendant argues that the increase in his sentence caused by the application of the "residual clause" of the Career Offender provision of the United States Sentencing Guidelines's ("the Guidelines" or "U.S.S.G"), is unconstitutional under Johnson v. United States, 135 S. Ct. 2551 (2015). The Government agrees that the effect of Johnson invalidates the Career Offender provision's residual clause. The Government argues, however, that Defendant cannot raise the argument in a § 2255 collateral attack. The Government also contends that in his plea agreement, Defendant waived his right to file a § 2255 motion.

For the reasons explained below, I agree with Defendant. Defendant did not waive the right to challenge the unconstitutionality of his sentence and the holding in Johnson may be retroactively applied in a collateral attack on the Guidelines. Therefore, I grant the motion to vacate.

I. Defendant's Sentence

In the plea agreement, the parties acknowledged their belief that Defendant is a Career Offender under the Guidelines. Plea Agrmt. ¶ 6; ECF 16. This belief was based on Defendant's 1999 robbery conviction in Wyoming and his 2006 Idaho conviction for eluding a police officer. Presentence Report (PSR) ¶¶ 24, 39-40; Def.'s Reply, Ex. B; ECF 39 (Filed Under Seal). The

parties agreed that application of the Career Offender provision resulted in a base offense level of 32. Plea Agrmt. ¶ 6. The PSR reached the same conclusion regarding Defendant's Career Offender status and the resulting base level calculation. PSR ¶ 24. I agreed with the parties and the PSR.

After a three-level reduction for acceptance of responsibility, Defendant's total offense level was 29. PSR ¶¶ 14, 24. His criminal history category was V, but the application of the Career Offender provision raised it to VI. PSR ¶ 44; U.S.S.G. § 4B1.1(b). This produced an advisory sentencing range of 151 to 188 months. PSR ¶ 71. In accordance with the plea agreement, the Government recommended a two-level downward variance under 18 U.S.C. § 3553(a), and the low end of the adjusted range. Plea Agrmt. ¶ 8 (based on § 3553(a) factors and Defendant's "super acceptance of responsibility" Government agreed to recommend two-level downward variance if Defendant was determined to be a Career Offender); Gov't Sentencing Mem. 5-6; ECF 21. At sentencing, I accepted the Government's recommendation. I then determined an additional variance was warranted and imposed a 100-month sentence. Jdgmt; ECF 23. Absent application of the Career Offender enhancement, Defendant's offense level would have been 19 instead of 29, and his criminal history category would have been V instead of VI, producing an advisory guideline range of 57-71 months. PSR ¶¶ 23, 44.

II. Johnson and Welch

In Johnson, the Supreme Court considered the constitutional validity of the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B). 135 S. Ct. at 2555. There, the defendant pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Violations of § 922(g) carry a ten-year maximum sentence. 18 U.S.C. §

3 - OPINION & ORDER

924(a)(2).  However, under the relevant ACCA provision, if the defendant has three or more earlier convictions for a "serious drug offense" or a "violent felony," the minimum term is fifteen years. 18 U.S.C. § 924(e)(1).  In Johnson, the district court imposed a fifteen-year prison term under the ACCA, based on the conclusion that three of the defendant's previous offenses qualified as "violent felonies." Id. at 2556.  The Eighth Circuit affirmed and the Supreme Court granted certiorari.  Id.

Under the ACCA, a "violent felony" is any crime punishable by imprisonment for a term exceeding one year, that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]"  18 U.S.C. § 924(e)(2)(B); U.S.S.G. § 4B1.2(a).  The language in subsection (ii) following the enumerated list of crimes and beginning with "or otherwise," is known as the "residual clause."  Johnson, 135 S. Ct. at 2556.  The Guidelines's Career Offender definition for "crime of violence" is nearly identical to the ACCA's definition of "violent felony" and it includes the identical "residual clause."  U.S.S.G. § 4B1.2(a).

Although the Supreme Court had previously "decided four cases attempting to discern . . . [the] meaning [of the residual clause,]" id., the Johnson Court concluded that "the indeterminancy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." Id. at 2557.  As a result, "[i]ncreasing a defendant's sentence under the clause denies due process of law" in violation of the Constitution.  Id.  The Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process."

Id. at 2563.  The Court overruled its previous contrary holdings, made clear that its ruling did not affect the ACCA's application to the four enumerated offenses or the remainder of its definition of violent felony, and reversed and remanded the case.  Id.

Defendant filed his pro se § 2255 petition contending that Johnson invalidated the Guidelines's identical "crime of violence" residual clause definition and thus, his sentence was illegal.  He further contends that Johnson should be applied retroactively in the context of this § 2255 petition.

On April 28, 2016, after Defendant's pro se filing and after the Government's Response was filed, the Supreme Court decided Welch v. United States, in which the Court concluded that Johnson could be retroactively applied on collateral review in ACCA residual clause enhancement cases.  136 S. Ct. 1257 (2016).  The Government here contends that a different result is warranted under the Guidelines.  Defendant takes the opposite position.

III.  Teague -  Retroactive Application on Collateral Review

In Welch, the Court assumed without deciding that the "normal framework" established by Teague v. Lane, 489 U. S 288 (1989), for determining whether a new rule of criminal procedure applies to cases on collateral review, applies in a federal collateral challenge to a federal conviction.  Welch, 136 S. Ct. at 1264.  The parties here have not raised the issue and as did the Supreme Court, I use the Teague framework.

Generally under Teague, "'new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced.'"  Id. (quoting Teague, 489 U.S. at 310).  There are two exceptions to the Teague retroactivity bar.  First, "'new *substantive* rules generally apply retroactively.'"  Id. (quoting Schriro v. Summerlin,

542 U.S. 348, 351 (2004)) (brackets omitted).  Second, "new watershed rules of criminal

procedure, which are procedural rules implicating the fundamental fairness and accuracy of the

criminal proceeding, will also have retroactive effect." Id. (internal quotation marks omitted).

Welch confirmed that Johnson announced a new rule. Id.  The Government concedes that

point. Gov't Resp. 7, 9.[1] Welch went on to hold that the new rule in Johnson was substantive

because it "'alter[ed] the range of conduct or the class of persons that the law punishes.'" 136 S.

Ct. at 1264-65 (quoting Schriro, 542 U.S. at 353); see also id. at 1265 (Johnson "changed the

substantive reach of the [ACCA]" because offenders faced a minimum of fifteen years in prison

under the ACCA's residual clause and now, if engaging in the same conduct, face ten years at

most; further explaining that Johnson was not procedural because it had "nothing to do with the

range of permissible methods a court might use to determine whether a defendant should be

sentenced under the [ACCA]").

In a recent opinion, the Supreme Court noted that under Teague, "[s]ubstantive rules . . .

---

[1]  The Government concedes that after Johnson, the Guidelines's residual clause is
unconstitutionally vague and that due process vagueness principles apply to the Guidelines.
Gov't Resp. 3 n.1; ECF 28.  Several courts have reached the same conclusion. E.g., United States
v. Pawlak, _____ F.3d. ___, No. 15-3566, 2016 WL 2802723, at **1, 5-7 (6th Cir. May 13, 2016)
(recognizing that the court's own prior decisions shielding the Guidelines from vagueness
challenges were no longer consistent with Supreme court precedent); United States v. Welch, No.
12-4402-CR- L, 2016 WL 536656, at *4 (2d Cir. Feb. 11, 2016); United States v. Townsend, No.
14-3652, 2015 WL 9311394, at *4 (3d Cir. Dec. 23, 2015); United States v. Madrid, 805 F.3d
1204, 1211 (10th Cir. 2015) ("it stretches credulity to say that we can apply the residual clause of
the Guidelines in a way that is constitutional, when courts cannot do so in the context of the
ACCA").  The Ninth Circuit recently declined to reach the question of whether § 4B1.2's residual
clause is unconstitutionally vague in light of Johnson.  United States v. Lee, No. 13-10517, 2016
WL 2638364, at *10 (9th Cir. May 6, 2016).  Post-Johnson, only one circuit has concluded that
the Guidelines cannot be challenged for vagueness.  United States v. Matchett, 802 F.3d 1185,
1195-96 (11th Cir. 2015).  Even absent the Government's concession, I would follow the
majority of the courts on these issues.

set forth categorical constitutional guarantees that place certain criminal laws and punishments altogether beyond the States' power to impose." Montgomery v. Louisiana, 136 S. Ct. 719, 729 (2016).  In contrast, procedural rules "'are designed to enhance the accuracy of a conviction or sentence by regulating the *manner of determining* the defendant's culpability.'" Id. at 730 (quoting Schriro, 542 U.S. at 353).  Montgomery further recognized that some rules have both procedural and substantive effects.  Id. at 734-35 (citing and quoting Mackey v. United States, 401 U.S. 667, 692 n.7 (1971) ("Some rules may have both procedural and substantive ramifications")).  As Montgomery explained, some substantive rules have a "procedural component[,]" or a procedural requirement, but that does not "transform substantive rules into procedural ones." Id. .

The Government argues that while Johnson's rule is substantive in the context of the ACCA, it is procedural and not substantive when considered in the context of the Guidelines, because "[g]uideline errors . . . are fundamentally different than sentences above the statutory maximum." Gov't Resp. 5; ECF 28.  The Government contends that applying Johnson to the Guidelines affects only the "procedural step of calculating the correct guideline range" and has no impact on the permissible statutory maximum or minimum sentences.  As a result, in the context of the Guidelines, the rule is procedural, not substantive.  Accepting the Government's argument means that a new rule can be considered substantive in one context (the ACCA), but procedural in another (the Guidelines). Id. at 9.

Some courts have agreed with the Government that Johnson cannot be applied retroactively in a collateral attack on the Guidelines.  E.g., Richardson v. United States, 623 F. App'x 841, 842 (8th Cir. 2015) (certifying successive § 2255 petition challenging imposition of ACCA's residual clause but concluding that defendant failed to make the requisite successive

petition showing with respect to his claim that <u>Johnson</u> applied retroactively to a Guidelines

calculation, "as any extension of the rule in <u>Johnson</u> would not be a new substantive rule under

<u>Teague</u>"); <u>Frazier v. United States</u>, No. 1:09-CR-188-CLC-SKL-1, 2016 WL 885082, at *6 (E.D.

Tenn. Mar. 8, 2016) (change in Guidelines range based on <u>Johnson</u> is only "a change in the

procedure by which [the] sentence is selected" and does "not change the permissible range of

punishments" meaning that the rule "cannot be said to narrow the scope of a penal statute or

place particular conduct or persons beyond the state's power to punish"; court concluded that

under the ACCA, <u>Johnson</u> "effected a substantive change in the law by altering the range of

lawful sentences" but that "extension of that same reasoning to the Guidelines would result in

only procedural changes to the sentencing process"), <u>appeal filed</u>, No. 16-5299 (6th Cir. Mar. 15,

2016); <u>United States v. Stork</u>, No. 3:10-CR-132, 2015 WL 8056023, at *5 (N.D. Ind. Dec. 4,

2015) (<u>Johnson</u> did not apply retroactively on collateral review because as applied to the

Guidelines, its new rule was procedural, not substantive), <u>appeal filed</u>, No. 15-3785 (7th Cir.

Dec. 15, 2015); <u>United States v. Willoughby</u>, ___F. Supp. 3d ___, No. 3:10-cr-431, 2015 WL

7306338, at *6-7 (N.D. Ohio Nov. 18, 2015) (<u>Johnson</u> did not establish a substantive rule as to

career offender provision in the Guidelines, or a watershed procedural rule, and thus did not

apply retroactively on collateral review), <u>appeal filed</u>, No. 16-3080 (6th Cir. Jan. 28, 2016).

      Other courts, however, including Judge Simon of this Court, have reached the opposite

conclusion. In the most recent decision I could find, the District of Massachusetts rejected the

identical argument made by the Government and concluded that the invalidation of the

Guidelines's residual clause under <u>Johnson</u> constitutes a substantive rule that applies retroactively

on collateral review. <u>United States v. Ramirez</u>, No. 10-10008-WGY, 2016 WL 3014646 (D.

8 - OPINION & ORDER

Mass. May 24, 2016). There, the parties did not dispute that holding the Guidelines's residual clause unconstitutionally vague would announce a new rule under Teague. Id. at *5. The government, however, argued that under Teague, any change was procedural, not substantive, and thus could not be retroactively applied in a collateral § 2255 motion. Id. at 6-7 (explaining the government's argument: the application of Johnson to the Guidelines's residual clause is procedural and non-retroactive, because "it merely alters the range of appropriate sentences under the advisory Guidelines and does not render Ramirez's sentence unlawful").

The Ramirez court noted that the government and the defendant differed in their framing of the issue. The government argued that to grant collateral relief, the court would have to announce or apply two new rules: that the residual clause in the Guidelines is unconstitutionally vague and that due process vagueness challenges apply to the Guidelines. Id. The Government here makes the identical argument. Gov't Resp. 3. The defendant in Ramirez took a "categorical" approach, arguing that the new rule in Johnson is the only rule the court would have to apply to invalidate the Guidelines's residual clause as unconstitutionally vague. Ramirez, 2016 WL 3014646, at *5.

The Ramirez court rejected the government's "two rule" argument as a "procedural quagmire[.]" Id. But, it also did not adopt the defendant's proposal of "categorically applying the Johnson rule to the Guidelines" because, in the court's view, a "more involved" analysis was required to support the retroactivity of the Guidelines's residual clause vagueness rule. Id. (noting that the analysis was "not a perfunctory application of Johnson"). In the court's view, the new rule was not the rule announced in Johnson, but was instead the application of Johnson to the Guidelines's residual clause. Id. at *6.

9 - OPINION & ORDER

With that explanation of the rule at issue, the <u>Ramirez</u> court went on to discuss the retroactive application of the new rule on collateral review. Because the rule was not <u>Johnson</u> itself but "rather <u>Johnson</u> as applied to the Guidelines's" residual clause, the court rejected the position that <u>Welch</u> resolved the issue. <u>Id.</u> at *7. But, in its own analysis, the court rejected the government's position that the "rule" at issue was procedural. <u>Id.</u> at *7-10. The court noted the fundamental role of the Guidelines in sentencing. <u>Id.</u> at *7. The Guidelines are the basis for a defendant's sentencing range. <u>Id.</u>; <u>see also id.</u> at *3 ("The Guidelines remain the starting for a district court's decision"). And, the Guidelines, while advisory, restrict a judge's discretion to a certain degree. <u>See id.</u> at *3 n.8 (noting that district courts must justify major departures and further explaining that the "appellate process cabins a judge's discretion vis-á-vis the Guidelines") (citing <u>Peugh v. United States</u>, 133 S. Ct. 2072, 2084 (2013)); <u>see also Peugh</u>, 133 S. Ct. at 2083 ("district courts *must* begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process"; stating that even when judges vary from the Guidelines, when a judge uses the sentencing range as the beginning point, "*then the Guidelines are in a real sense the basis for the sentence*") (internal quotation marks omitted).

Next, the court explained that even before considering the statutory factors under § 3553(a) and other variations, a career offender designation creates an indelible imprint through which the sentencing proceeds. <u>Id.</u> at *7 ("[b]efore embarking on the 'advisory' component of sentencing under the Guidelines . . . . the judge already views the defendant through career offender-tinted glasses with a baseline sentencing range multitudes higher than otherwise") (internal quotation marks omitted). Furthermore, the court stated that "empirical data" shows that even after a deviation from the suggested Guidelines range, the "differential between the

sentences with and the sentences without the career-offender designation persists, as a result of the Guidelines' continuing gravitational pull resulting from procedural hurdles that make the imposition of a non-Guidelines sentence less likely." Id. (citations, internal quotation marks, and brackets omitted). The Ramirez court concluded that "in practice, the upper limit of a Guidelines range acts as a ceiling for the vast majority of sentences imposed by federal district court judges, making a career-offender designation the equivalent of an increase in a statutory maximum." Id. at *8 (emphasis added). Finally, the court offered this response to other district courts reaching the opposite conclusion on the retroactivity issue:

> Substantive rules alter the range of conduct or the class of persons that the law punishes. So does a rule declaring the Guidelines' Residual Clause unconstitutionally vague: it alters the class of persons subject to career offender-enhanced sentences. This class no longer includes individuals whose past offenses are crimes of violence solely as a result of the Guidelines' Residual Clause.

Id. at *9 n.23 (citation, internal quotation marks, and brackets omitted).

> Based on its reasoning, the court concluded that

> [g]iven the impact of a career offender designation on a defendant's sentence, if a court were to refuse retroactively to apply the invalidation of the Guidelines' Residual Clause, the risk that a defendant received a sentence that otherwise he would not have received is more than likely to rise[.] Rather, the court's decision would carry the "impermissibly large risk," Teague, 489 U.S. at 312, that the punishment exceeds what the defendant would have received without the designation. This risk trumps finality in the Teague framework.

Id. at *9 (citation and internal quotation marks omitted).

In a March 2016 opinion, Judge Simon also rejected the Government's position, concluding that Johnson is a new, substantive rule, the Teague bar does not apply, and thus, Johnson applies retroactively on collateral review. United States v. Dean, No. 3:13-cr-00137-SI,

2016 WL 1060229, at *16 (D. Or. Mar. 15, 2016). Although his conclusion was based on a different analysis, much of his analysis is consistent with Ramirez.

To start, in discussing an issue in Dean that was not present in Ramirez[2], Judge Simon, like the Ramirez court, noted the prominent role the Guidelines have in sentencing. Id. at *12 (citing and quoting Peugh, 133 S. Ct. at 2083; United States v. Vargem, 747 F.3d 724, 728 (9th Cir. 2014) ("At any sentencing, the Guidelines are the starting point and the initial benchmark, and are to be kept in mind throughout the process") (internal quotation marks omitted)); see also id. at *16 ("'the Guidelines remain 'the lodestone of sentencing'") (quoting Peugh, 133 S. Ct. at 2084). And, similar to the Ramirez court, Judge Simon rejected the idea that Johnson did not change the conduct subject to punishment. Id. at *16. He explained that under Johnson, the defendant's prior state court conviction no longer constituted a "crime of violence" for purposes of the Guidelines's residual clause. Id. "Johnson," Judge Simon continued, "substantively changes the conduct by which federal courts may enhance the sentence of a defendant under the Guidelines." Id. Thus, in contrast to a "procedural" rule under Teague, "Johnson does not 'regulate only the *manner of determining* the defendant's culpability' like a procedural rule would." Id. (quoting Schriro, 542 U.S. at 353).

The distinction between Dean and Ramirez lies in the treatment of the "categorical" approach. Ramirez rejected the defendant's "categorical" argument that because the new rule announced in Johnson was substantive for purposes of the ACCA, it was substantive categorically, meaning it was substantive for Guidelines purposes as well. Ramirez, 2016 WL

---

[2] In Dean, the government argued that by failing to raise the issue on direct appeal, the defendant was procedurally defaulted from raising it on collateral review. Id. at *5. That issue was not apparently raised in Ramirez and it is not raised in the instant case.

3014646, at *6.  In contrast, Dean concluded that Ninth Circuit precedent mandated adoption of the categorical approach.  Dean, 2016 WL 1060229, at *16.

Judge Simon relied on Reina-Rodriguez v. United States, 655 F.3d 1182 (9th Cir. 2011). In that case, the defendant was convicted of illegal reentry after deportation.  Id. at 1185. Although the base offense level for his crime was eight, the district court applied a sixteen-level enhancement because the defendant had previously been convicted of second-degree felony burglary in Utah which the district court concluded was a "crime of violence" under the Guidelines.[3]  The defendant directly appealed, arguing that his Utah burglary conviction did not qualify as a burglary of a dwelling under the Guidelines.  The Ninth Circuit rejected that argument and affirmed the district court.  Id. (citing United States v. Reina-Rodriguez, 468 F.3d 1147 (9th Cir. 2006)).

The next year, the Ninth Circuit issued an en banc decision in an ACCA case which overruled several of its previous cases, including Reina-Rodriguez, to the extent those cases relied on an erroneous methodology to determine whether a "dwelling" meets the Guidelines's definition of "dwelling."  United States v. Grisel, 488 F.3d 844, 851 n.5 (9th Cir. 2007) (en banc).  After Grisel, the defendant in Reina-Rodriguez filed a § 2255 motion, arguing that Grisel should be applied retroactively to invalidate his sentence enhancement given that Grisel specifically overruled the previous direct appeal panel opinion affirming his conviction.  Reina-Rodriguez, 655 F.3d at 1187.

---

[3]  The enhancement was under U.S.S.G. § 2L1.2(b)(1)(A)(ii) which provides for an increase of sixteen levels if the defendant was previously deported after a crime of violence.  The applicable definition of "crime of violence" included "burglary of a dwelling."  U.S.S.G. § 2L1.2 n.1(B)(iii).

13 - OPINION & ORDER

Despite the fact that Grisel was an ACCA-enhancement case and the defendant's

enhancement was under the Guidelines, the Ninth Circuit in Reina-Rodriguez concluded that

Grisel announced a substantive rule, not a procedural one, and that Teague did not bar its

retroactive application in the defendant's § 2255 collateral Guidelines challenge. Id. at 1188-90.

Relying on Reina-Rodriguez, Judge Simon agreed with the defendant's argument that "under

Ninth Circuit law, retroactivity is a categorical analysis and that the character of Johnson as a

new rule does not change from procedural to substantive on an as-applied basis." Dean, 2016

WL 1060229, at *15. He noted that in Reina-Rodriguez, the Ninth Circuit "did not engage in the

as-applied analysis that the Government now urges this Court to use" and "did not distinguish

between Grisel in the ACCA context and in the Guidelines context." Id. at *16. Because the

government stipulated that Johnson was a new substantive rule as applied to the ACCA, a

concession now confirmed by Welch, Judge Simon declined to depart from Reina-Rodriguez and

rejected the argument that the retroactive nature of Johnson's new rule changes when it is applied

to the Guidelines. Id.

For the reasons explained by Judge Simon, I reject the identical argument made by the

Government in this case. The Government concedes that due process vagueness principles apply

to the Guidelines and that the Guidelines's Career Offender residual clause is unconstitutionally

vague. Welch now holds that Johnson announced a new substantive rule. Reina-Rodriguez

provides strong support for concluding that the rule is to be treated as substantive regardless of

the context and thus, even in a Guidelines challenge, it is substantive and Teague's retroactively

bar does not apply.[4]

IV.  Waiver

Defendant's plea agreement specifies that he "waive[d] the right to file any collateral

attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or

sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as

provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2)."  Plea Agrmt. ¶ 11.  Relying on this

paragraph, the Government argues that Defendant waived his right to bring the § 2255 motion.

In the Ninth Circuit, appeal waivers do not apply to constitutional challenges.  United

States v. Bibler, 495 F.3d 621, 624 (9th Cir. 2007) (appeal waiver does not apply to a sentence

which is illegal because it exceeds the permissible statutory penalty for the crime or violates the

Constitution); see also United States v. Snider, No. 3:07-CR-124-SI, 2016 WL 1453878, at *9

(D. Or. Apr. 13, 2016) (applying Bibler to plea agreement waiving right to bring § 2255 motion),

appeal filed, No. 16-35316 (9th Cir. Apr. 28, 2016).

Based on the discussion in the preceding section, my conclusion is clear:  Defendant's

challenge is a substantive, constitutional challenge.  The application of the residual clause of the

Career Offender provision violates Defendant's constitutional rights.  Thus, the waiver is not

binding.  The Government's citation to United States v. Medina-Carrasco, a recent Ninth Circuit

decision, does not compel a different result.  There, the defendant argued on appeal that at

sentencing, the district court improperly treated his prior conviction as a crime of violence for a

--------

[4]  Even if Reina-Rodriguez did not provide such support, I would rely on Ramirez and
conclude that the rule (whether considered the rule in Johnson or as the Ramirez court expressed,
a new rule that Johnson applies to the Guidelines's residual clause) is substantive, not procedural,
and I would reach the same result.

sixteen-level enhancement under the illegal reetnry guideline section, U.S.S.G. § 2L1.2.

Medina-Carrasco, 815 F.3d 457, 460 (9th Cir. 2016).  The court dismissed the appeal because

even assuming the trial judge erred, the defendant received a sentence in accordance with his plea

agreement and thus, his appeal waiver was enforceable.  Id. at 462-63.

Notably, however, Medina-Carrasco did not involve a constitutional challenge to the

sentence.  Such challenges are an exception to the application of an otherwise valid waiver.

Thus, Medina-Carrasco does not support the Government's position on waiver.

IV.  Merits

As discussed above, Johnson is a new, substantive rule and thus, the Teague bar does not

apply and Johnson applies retroactively.  The Government does not dispute the merits of

Defendant's claim that his sentence was enhanced based on an unconstitutionally vague

Guidelines provision.  Accordingly, Defendant's sentence was imposed in violation of the

Constitution and he is entitled to habeas relief under § 2255.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

16 - OPINION & ORDER

CONCLUSION

Defendant's motion to vacate or correct sentence under § 2255 [25] is granted.  The Court vacates and sets aside the Judgment [23].  The Government's motion to stay [41] is denied.

The Court will resentence Defendant, permit him to submit objections to his Presentence Report pursuant to Federal Rule of Criminal Procedure 32(i0(1)(D), and allow both sides to argue for an appropriate and lawful sentence.

IT IS SO ORDERED.

Dated this _____ day of _____, 2016

_____
Marco A. Hernandez
United States District Judge

17 - OPINION & ORDER